## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Paul E. Burnett and Patricia DeNell Burnett,

        Plaintiffs,

v.

WYETH PHARMACEUTICAL, INC.
d/b/a WYETH, Individually and as
Successor-In-Interest to A.H. ROBINS, INC.,
and AMERICAN HOME PRODUCTS
CORPORATION; SCHWARTZ PHARMA, INC.;
PLIVA, INC.; PLIVA, d.d.; BARR PHARMACEUTICALS,
INC.; TEVA PHARMACEUTICALS, USA, INC., a
Delaware corporation; TEVA PHARMACEUTICALS,
LTD., an Israeli Corporation; PUREPAC
PHARMACEUTICAL COMPANY; and the following
fictitious party defendants (whether singular or plural,
individual or corporate):  No. 1, that entity which
originally obtained permission from the U.S. Food
and Drug Administration to market the drug branded
Reglan; No. 2, that entity which obtained permission
from the FDA to market the metoclopramide ingested
by PAUL E. BURNETT; No. 3, that entity which
originally manufactured and sold any Reglan which
was ultimately ingested by PAUL E. BURNETT;
No. 4, that entity which originally manufactured and
sold any metoclopramide which was ultimately ingested
by PAUL E. BURNETT; No. 5, that entity which
marketed Reglan or generic metoclopramide; No. 6, that
entity which prescribed Reglan or generic
metoclopramide for use by PAUL E. BURNETT,

        Defendants.

Civil No. 06-4923 (DWF/SRN)

**MEMORANDUM
OPINION AND ORDER**

Daniel J. McGlynn, Esq., and Patty F. Trantham, Esq., McGlynn, Glisson & Koch,
APLC; and Michael K. Johnson, Esq., Goldenberg & Johnson, PLLC, counsel for
Plaintiffs.

Bridget M. Ahmann, Esq., Erin M. Wessling, Esq., and Erin M. Verneris, Esq., Faegre & Benson LLP; and Jeffrey R. Pilkington, Esq., Davis, Graham & Stubbs, LLP, counsel for Defendant Wyeth Pharmaceuticals, Inc.

Andrew J. Calica, Esq., and Henninger S. Bullock, Esq., Mayer Brown, LLP; and Bridget M. Ahmann, Esq., Erin M. Wessling, Esq., and Erin M. Verneris, Esq., Faegre & Benson LLP, counsel for Defendant Schwartz, Pharma, Inc.

Joseph P. Thomas, Esq., Matthew V. Brammer, Esq., Rex A. Littrell, Esq., and Tiffany Reece Clark, Esq., Ulmer & Berne LLP; and Tracy J. Van Steenburgh, Esq. and Dana M. Lenahan, Esq., Halleland Lewis Nilan & Johnson PA, counsel for Defendants PLIVA, Inc. and Barr Pharmaceuticals, Inc.

Brian T. Benkstein, Esq., and David L. Hashmall, Esq., Fellhaber Larson Fenlon & Vogt, PA; and Edward S. Weltman, Esq., and Jonathan I. Price, Esq., Goodwin Procter, LLP, counsel for Defendant Teva Pharmaceuticals USA.

---

## INTRODUCTION

This matter is before the Court pursuant to a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) brought by Defendants Wyeth Pharmaceuticals, Inc. ("Wyeth")[1] and Schwarz Pharma, Inc. ("Schwarz").[2] For the reasons discussed below, the Court grants the motion.

## BACKGROUND

Plaintiffs Paul E. Burnett and Patricia DeNell Burnett are residents of Texas. Plaintiffs claim that Mr. Burnett developed Tardive Dyskinesia, a neurological disorder,

---

[1]     Although the Complaint specifically names Wyeth Pharmaceuticals, Inc., and not Wyeth, Inc., as a defendant, the parties appear to refer to both Wyeth Pharmaceuticals and Wyeth, Inc. as Wyeth. To the extent possible, the Court will attempt to distinguish between the two entities. However, the Court notes that regardless of whether the Court references the relationship of Wyeth Pharmaceuticals or Wyeth, Inc. to this forum, the outcome remains the same.

[2]     Defendant Pliva, Inc. joins in the motion. (Doc. No. 68.)

as a result of his ingestion of metoclopramide.  Metoclopramide, which is available in

brand (Reglan®) or generic form, is used to treat certain gastrointestinal disorders.

Plaintiffs sued Defendants alleging various claims related to the manufacture, marketing,

and sale of metoclopramide.   Plaintiffs' causes of action include strict products liability,

negligence, fraud, negligent misrepresentation, fraud by concealment, breach of express

warranties, breach of implied warranties, and unfair trade practices.

Wyeth is a Delaware corporation with its principal place of business in

Pennsylvania.[3]  Schwarz is a Delaware corporation with its principal place of business in

Georgia.  At different times, Wyeth and Schwarz manufactured and distributed Reglan®

and/or generic metoclopramide.[4]

Wyeth and Schwarz now bring the current motion to transfer, arguing that this

case should be transferred to the United States District Court for the Northern District of

Texas.

## DISCUSSION

### I.     Motion for Transfer

Wyeth and Schwarz move to transfer this action to the Northern District of Texas

pursuant to 28 U.S.C. § 1404(a).  That section provides:  "For the convenience of the

parties and witnesses, in the interest of justice, a district court may transfer any civil

action to any other district or division where it might have been brought."

---

[3]     For the record, Wyeth, Inc. is a Delaware corporation with its principal place of
business in New Jersey.

[4]     As alleged in Plaintiffs' Complaint, all named defendants are headquartered
outside of Minnesota.

28 U.S.C. § 1404(a).  When deciding a motion to transfer pursuant to § 1404(a), the Court must consider the convenience of the parties, the convenience of the witnesses, and the interest of justice.  *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).  In considering these factors, the Court must make a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant facts."  *Id*.  The burden is on the party seeking the transfer "to show that the balance of factors 'strongly' favors the movant."  *See Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999).  Here, there is no dispute that this case "might have been brought" in Texas.  The Court therefore considers the relevant transfer factors.

### A.    *Convenience of the Parties*

"[S]ection 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer."  *Id*.  Normally, there is a presumption in favor of the plaintiff's forum.  *Id*.; *Christensen Hatch Farms, Inc. v. Peavey Co.*, 505 F. Supp. 903, 911 (D. Minn. 1981).  Here, however, Plaintiffs' choice is owed little deference.  *See Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999) (explaining that courts afford significantly less deference to plaintiff's choice when the plaintiff does not reside, and the underlying facts did not occur, in the selected forum).  First, Plaintiffs are residents of Texas and do not reside in or have any apparent connection to Minnesota.  Second, the events giving rise to this litigation did not occur in Minnesota and this action bears little or no connection to Minnesota.  In particular, Mr. Burnett was prescribed, ingested, and

was allegedly injured by Reglan®/metoclopramide while living in Texas. The physicians who treated Mr. Burnett are all located in Texas. Finally, none of the defendant corporations are based in Minnesota. Even though Wyeth, Inc. has a registered agent in Minnesota, its presence in Minnesota appears to be at most minimally related to the facts of this case. The Court finds that the convenience of the parties weighs in favor of transferring this case to the Northern District of Texas.

### B.    *Convenience of Witnesses*

The convenience of witnesses is an important factor for the Court and the parties because it affects the access to sources of proof. *Graff*, 33 F. Supp. 2d at 1121 (D. Minn. 1999). In considering the convenience of witnesses, courts have focused on the number of non-party witnesses, the location of all witnesses, and the preference of courts for live testimony as opposed to depositions. *See id*.

There is no question that most fact witnesses reside in Texas. First, Plaintiffs reside in Garland, Texas. In addition, the doctors who treated Mr. Burnett, prescribed Reglan® and/or metoclopramide to Mr. Burnett, and diagnosed Mr. Burnett with Tardive Dyskinesia, all reside in Texas.[5] Further, there is no indication that any of the corporate witnesses will be from Minnesota. Not only would venue in Texas be more convenient for most of the witnesses, venue in Texas would ensure the live testimony of critical fact witnesses located in that forum. The Court concludes that the convenience of the witnesses weighs in favor of transferring this action to the Northern District of Texas.

---

[5]    Plaintiffs do not dispute that many of the fact witnesses are located in Texas. Instead, they argue that the inconvenience to these witnesses can be remedied.

### C.    Interests of Justice

The Court must also evaluate what venue will best promote the interests of justice. *Id.* This factor is weighed "very heavily." *Id.* A number of relevant considerations include judicial economy, the plaintiff's choice of forum, the costs of litigating in each forum, obstacles to a fair trial, and choice of law issues. *See Terra Int'l*, 199 F.3d at 696.

The Court recognizes the interest in protecting the Plaintiffs' choice of forum. As explained above, Plaintiffs' choice is owed little deference here because Plaintiffs do not reside in Minnesota and the underlying facts did not occur in Minnesota. There is no question that this action lacks any meaningful connection to Minnesota. Plaintiffs reside in Texas, Mr. Burnett's treating physicians reside in Texas, and the underlying events related to Mr. Burnett's injury allegedly caused by the ingestion of Reglan®/metoclopramide occurred in Texas. The citizens and court of Texas have a much greater interest in adjudicating this case.

Plaintiffs acknowledge that this case was filed in Minnesota because the statute of limitations had run in Texas. Plaintiffs request that if the Court transfers this case, that it "assure the viability of Plaintiffs' case by attaching the Minnesota statute of limitations to the case." (Pls.' Mem. in Opp'n to Defs.' Wyeth and Schwarz Pharma, Inc.'s Mot. to Transfer Venue at 19.) The Court declines to do so. The parties agree that because the case was brought in Minnesota, any transferee court would be required to apply the applicable procedural law of the transferor forum. *See, e.g.*, *Ferens v. John Deere Co.*, 494 U.S. 516, 532-33 (1990). The parties, however, do not agree that the application of Minnesota procedural law will necessarily result in the application of Minnesota's statute

of limitations.[6]  In any event, a change of venue under § 1404(a) affects only the location of the courthouse, not the law to be applied.  The transferee court must apply the state law that would have applied to the action had there been no transfer of venue.  *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964).  Therefore, the issue of which state's statute of limitations will apply to this action does not weigh against transferring this case, as this issue can be properly decided by the transferee court.

The Court finds that the interests of justice are better served if this action is transferred to the Northern District of Texas.

## CONCLUSION

Accordingly, based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1.      Wyeth and Schwarz's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. No. 58) to the Northern District of Texas is **GRANTED**.


Dated:  March 17, 2008                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          Judge of United States District Court

---

[6]      In particular, Wyeth and Schwarz argue that discovery in this case may well support the application of Minnesota's "borrowing statute" to Plaintiffs' claims.  *See* Minn. Stat. Ann. § 541.31 (2007).